
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| PATRICK SEAN O'ROURKE, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF MONTANA DEPARTMENT OF CORRECTIONS, MONTANA STATE PRISON MEDICAL DEPARTMENT, LEROY KIRKEGARD, DR. SCHAEFFER, and JOHN DOES 1-20, <br><br> Defendants. | CV 13-68-H-DWM-RKS <br><br><br> ORDER |

This matter comes before the Court on the proposed Findings and Recommendations entered by United States Magistrate Judge Keith Strong, (Doc. 9), regarding the civil rights Complaint brought pursuant to 42 U.S.C. § 1983 by Plaintiff Patrick Sean O'Rourke, (Doc. 2). Because O'Rourke is incarcerated, upon filing, this matter was referred to Judge Strong. *See* L.R. 72.2(a). Judge Strong conducted the prescreening required by 28 U.S.C. § 1915, and found that O'Rourke's Complaint failed to state a claim upon which relief can be granted. (Doc. 8.) O'Rourke was ordered to file an amended complaint by May 27, 2014.

(*Id.*)  O'Rourke did not respond to the Court's Order.  Following O'Rourke's failure to respond, Judge Strong filed proposed Findings and Recommendations regarding the Complaint on June 19, 2014.  (Doc. 9.)  "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1).  Because the statutory objections period states that a party may file objections within a specified time after service of the findings and recommendations, and service of the Findings and Recommendations at issue was made by mail and electronic means, three days are added after the period would otherwise expire.  *See* Fed. R. Civ. P. 6(d).  Accordingly, written objections to Judge Strong's proposed Findings and Recommendations were due July 7, 2014.  O'Rourke did not timely file written objections to the proposed Findings and Recommendations.

Judge Strong's proposed Findings and Recommendations are reviewed for clear error.  When no party objects, the Court reviews the proposed findings and recommendations of a United States Magistrate Judge for clear error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d

422, 427 (9th Cir. 2000).

Judge Strong's report contains no mistake of fact or law and will be adopted in-full. The proposed Findings and Recommendations incorporate by reference the Court's rationale for finding that O'Rourke's Complaint fails to state a claim upon which relief can be granted. (Doc. 9 at 1.) The Court found dismissal under Federal Rule of Civil Procedure 12(b)(6) warranted. (Doc. 8 at 7-9.) The Court granted O'Rourke leave to file an Amended Complaint to attempt to cure these deficiencies. (*Id.* at 9-10.) O'Rourke did not respond to the Court's Order. The Court warned O'Rourke that his failure to timely file an Amended Complaint would result in dismissal of this action for failure to comply with any order of the Court. (*Id.* at 11.) Dismissal on these grounds is appropriate. The record is plain that O'Rourke's Complaint fails to state any viable claim for relief. The Complaint is frivolous, as it lacks any arguable substance in law or fact. Therefore, any appeal of this decision would not be taken in good-faith.

IT IS ORDERED:

(1) The proposed Findings and Recommendations entered by United States Magistrate Judge Keith Strong, (Doc. 9), are ADOPTED IN-FULL.

(2) The Complaint filed by Plaintiff Patrick Sean O'Rourke, (Doc. 2), is

DISMISSED WITH PREJUDICE for failure to state a claim.

(3) The Clerk of Court shall ensure that the docket reflects this Court's certification, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

(4) The Clerk of Court shall ensure the docket reflects that the dismissal of this action counts as a strike pursuant to 28 U.S.C. § 1915(g).

(5) The Clerk of Court shall enter judgment by a separate document, pursuant to Federal Rule of Civil Procedure 58, and close this case.

DATED this 25th day of July, 2014.

Donald W. Molloy, District Judge
United States District Court